UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

VERONICA SEIGNIOUS,

                              Plaintiff,

                                                                       DECISION AND ORDER

                                                                       11-CV-6534L

                              v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                              Defendant.
_____

       Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. § 405(g) to review the final determination of the Commissioner.

       On June 4, 2009, plaintiff filed applications for a period of disability and disability insurance benefits under Title II of the Social Security Act, and supplemental security income under Title XVI. Plaintiff alleged an inability to work since March 15, 2009. (T. 16). Her application was initially denied. Plaintiff requested a hearing, which was held October 8, 2010 before Administrative Law Judge ("ALJ") Brian Kane. (T. 24-72). The ALJ issued an unfavorable decision on November 8, 2010, concluding that plaintiff was not disabled under the Social Security Act. That decision became the final decision of the Commissioner when the Appeals Council denied review on August 26, 2011 (T. 1-3). Plaintiff now appeals.

       The Commissioner has moved, and plaintiff has cross moved, for judgment on the pleadings pursuant to Fed. R. Civ. Proc. 12(c). For the reasons set forth below, the Commissioner's motion (Dkt. #5) is granted, plaintiff's cross motion (Dkt. #7) is denied, and the complaint is dismissed.

DISCUSSION

An ALJ proceeds though a prescribed five-step evaluation in determining whether a claimant is disabled within the meaning of the Social Security Act. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ determines whether the claimant is engaged in substantial gainful work activity. See 20 CFR §404.1520(b). If so, the claimant is not disabled. If not, the ALJ continues to step two, and determines whether the claimant has an impairment, or combination of impairments, that is "severe," e.g., that imposes significant restrictions on the claimant's ability to perform basic work activities. 20 CFR §404.1520(c). If not, the analysis concludes with a finding of "not disabled." If so, the ALJ proceeds to step three.

At step three, the ALJ examines whether the claimant's impairment meets or equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4. If the impairment meets or medically equals the criteria of a listing and meets the durational requirement (20 CFR §404.1509), the claimant is disabled. If not, the ALJ's analysis proceeds to step four, and the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or metal work activities on a sustained basis notwithstanding limitations for the collective impairments. *See* 20 CFR §404.1520(e), (f).

The ALJ then turns to whether the claimant's RFC permits her to perform the requirements of her past relevant work. If so, the claimant is not disabled. If not, analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled, by presenting evidence demonstrating that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir.1999) (*quoting Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir.1986)). *See* 20 CFR §404.1560(c).

The Commissioner's decision that plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ has applied the correct legal standards. *See* 42 U.S.C. § 405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir.2002). Substantial evidence is defined as

"more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "The Court carefully considers the whole record, examining evidence from both sides 'because an analysis of the substantiality of the evidence must also include that which detracts from its weight.'" *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1998) (*quoting Quinones v. Chater*, 117 F.3d 29, 33 (2d Cir.1997)). Still, "it is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir.1999). "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force, [this Court] will not substitute our judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir.2002).

The same level of deference does not extend to the Commissioner's conclusions of law. *See Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir.1984). This Court must independently determine if the Commissioner's decision applied the correct legal standards in determining that the plaintiff was not disabled. "Failure to apply the correct legal standards is grounds for reversal." *Townley*, 748 F.2d at 112. Therefore, this Court first examines the legal standards applied, and then, if the standards were correctly applied, considers the substantiality of the evidence. *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir.1987). *See also Schaal v. Apfel*, 134 F.3d 496, 504 (2d Cir.1998).

The ALJ's decision discusses the bases for plaintiff's claim of disability at length, and identifies the record evidence supporting each of his findings. Upon a full review of the record, I believe that the ALJ applied the correct legal standards.

I also find that substantial evidence supports the ALJ's conclusion that plaintiff, then a forty-eight year old woman with a high school education and past relevant work as a cashier, companion and nurse assistant, was not totally disabled between March 15, 2009 and November 8, 2010, due to the ALJ's finding that the plaintiff was capable of performing light work, with a walking/standing limitation of two hours in an eight-hour workday, and no more than occasional walking and climbing stairs. The ALJ found that plaintiff can perform frequent handling and

twisting with her right hand, can follow and understand simple instructions and tasks, has moderate difficulty with attention and concentration, can learn new tasks, and has some difficulty with stressful situations and relating to others. (T. 19-20). When presented with this RFC, vocational expert Julie Andrews testified that plaintiff could perform the positions of order clerk and preparer. (T. 23).

Plaintiff's treatment records reflect a history of knee pain, and a nonspecific depressive disorder. The ALJ's finding concerning plaintiff's RFC is consistent with the medical evidence of record, as well as plaintiff's report of her daily activities, which include being the sole caretaker for her two children, maintaining her household, cleaning, doing laundry, shopping, socializing with church friends and volunteering at her sons' school. (T. 21, 36-37). As the ALJ correctly noted, none of plaintiff's treating or examining physicians opined that she was disabled.

Plaintiff initially argues that the ALJ erred in concluding that plaintiff's treating physicians had not found her disabled, and failed to properly consider or grant controlling weight to a mental health RFC questionnaire completed by a mental health counselor on January 28, 2011, and an RFC questionnaire completed Dr. Richard Kennedy on February 25, 2011.

Plaintiff is incorrect that the ALJ failed to properly consider this evidence, since these records post-date the ALJ's decision and were not before him when it was made. To the extent that the opinions are analyzed as "newly-submitted evidence," I find no basis for a remand for purposes of considering them.

It is well settled that remand for additional proceedings may be necessary where a plaintiff demonstrates that newly-submitted evidence, "is material and that there [wa]s good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). To satisfy this burden, plaintiff would have to show that (1) the proffered evidence is new and not merely cumulative of what is already in the record; (2) the proffered evidence is material, meaning that it is (a) relevant to her condition during the time period for which benefits were denied; (b) probative; and (c) reasonably likely to have influenced the Commissioner to decide her application

differently; and (3) good cause exists for her failure to present the evidence earlier. *See Tirado v. Bowen*, 842 F.2d 595, 597 (2d Cir. 1988).

Plaintiff's new evidence fails to satisfy this standard because it is not material to her disability claim, in that it would not have been reasonably likely to compel a different outcome. Although plaintiff claims that her Licensed Medical Health Counselor and Dr. Kennedy are "treating physicians" and thus that their opinions are entitled to controlling weight, the record does not substantiate this claim. *See generally Shaw v. Chater*, 221 F.3d 126, 134 (2d Cir. 2000) (medical opinion of a treating physician is given controlling weight if it is well-supported by medical findings and not inconsistent with other substantial evidence of record). In determining the weight owed to a treating physician's opinion, the Commissioner must consider: (1) the length, nature and extent of the treatment relationship; (2) the frequency of examination; (3) the evidence presented to support the treating physician's opinion; (4) whether the opinion is consistent with the record as whole; and (5) whether the opinion is offered by a specialist. 20 CFR §404.1527(d).

Here, although some of plaintiff's orthopedic progress notes in and after August 2010 identify a Dr. Richard Kennedy as plaintiff's primary health care provider (e.g., T. 413, 422), a review of the record does not reveal any medical records or treatment notes from Dr. Kennedy, or any other evidence that he had a meaningful or ongoing treatment relationship between plaintiff. In any event, the sweeping variety and severity of the functional limitations indicated in Dr. Kennedy's opinion are inconsistent with the record as a whole, and unsupported by any objective findings. There is also no indication that Dr. Kennedy's opinion has any relevance to the time period for which benefits were denied. As such, I find that Dr. Kennedy's opinion is not entitled to controlling weight, would not be likely to have changed the outcome of the Commissioner's decision, and is not material.

Although plaintiff also urges that the opinion of plaintiff's alleged Licensed Mental Health Counselor (name illegible) that she is disabled (T. 486) is also entitled to controlling weight, that opinion derives from a "non-acceptable medical source" rather than a treating physician, is

- 5 -

inconsistent with the bulk of plaintiff's mental health records, and is unsupported by any appreciable evidence of an underlying treatment relationship or explanation of the basis for this opinion. *See generally Acevedo v. Astrue*, 2012 U.S. Dist. LEXIS 125226 at \*36-\*37 (S.D.N.Y. 2012) (while therapists are not "acceptable medical sources" for purposes of establishing an impairment and are not entitled to controlling weight, such sources *may* be given greater weight where a significant treatment relationship is established and sufficient supporting evidence is provided).

Plaintiff also claims that her depression constituted or contributed to total disability. However, I find that the ALJ's finding to the contrary is supported by substantial evidence of record, primarily plaintiff's self-reports of productive daily activities, and the opinions of the psychiatric consultants, who generally opined that plaintiff was mildly limited in the areas of daily living and social functioning, and moderately limited in maintaining concentration, persistence and pace, but was capable of understanding and remembering simple instructions and performing simple tasks in a low-contact work environment. (T. 328, 360).

Plaintiff further contends that although she failed to present evidence of disability stemming from her obesity and did not previously claim that her obesity was a severe impairment, (T. 18), the ALJ should have observed that obesity carries with it the *potential* for disabling complications, and attempted to further develop the record to discover whether plaintiff's obesity exacerbated her impairments in some way not reflected by the evidence before him. I note that to the extent the ALJ was required to consider the effect of plaintiff's obesity on her RFC, the ALJ expressly evaluated whether plaintiff's obesity impaired her functioning, and found that based on the medical record, it did not. (T. 18). *See generally* Social Security Ruling 02-1p, 2002 SSR LEXIS 1 (2012).

Inasmuch as plaintiff claims the ALJ should have engaged in additional evidence-gathering solely *because* the record didn't establish that plaintiff's obesity impaired her to the point of disability, "an ALJ does not have an affirmative duty to expand the record ad infinitum. Instead, he or she must only develop it when there are gaps in the record, or when the record serves as an inadequate basis on which to render a decision." *Walker v. Astrue*, 2012 U.S. Dist. LEXIS 138472

at *9 (W.D.N.Y. 2012). Here, hundreds of pages of treatment notes and medical test results provided a comprehensive record, and gave no indication that plaintiff's obesity was a severe impairment, or that it limited her functional capacity in ways not considered by the treating and examining sources, or not otherwise accounted-for in the record. Under such circumstances, the ALJ was not required to depart on an evidentiary expedition in the wild hope of uncovering some other secret, hitherto-undiscovered basis for a finding of disability.

I have considered the remainder of plaintiff's arguments, and find them to be without merit. I find that the ALJ's determination of plaintiff's RFC is well-supported, and further note that the ALJ properly relied on testimony by a vocational expert that plaintiff's RFC permitted her to perform one or more positions existing at significant numbers in the local economy.

Based on the foregoing, I believe the ALJ followed the proper procedures and that his decision is supported by substantial evidence. I find no basis to modify it.

CONCLUSION

The Commissioner's motion for judgment on the pleadings (Dkt. #5) is granted, and plaintiff's cross motion for judgment on the pleadings (Dkt. #7) is denied. The Commissioner's decision that plaintiff, Veronica Seignious, was not disabled, is in all respects affirmed, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
November 26, 2012.